In the Matter of WILLIAM J. ROSE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 16, 1979

### APPEARANCES OF COUNSEL

*David E. Brennan* for petitioner.

*Moot, Sprague, Marcy, Landy, Fernbach & Smythe (John T. Smythe* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent is an attorney and counselor at law. He has been charged with two counts of professional misconduct.

In the first count it is alleged that he was the attorney for the executors of the estate of Doris M. Rose (his sister-in-law); that during the course of his representation certain funds came into his possession which were assets of the estate; that respondent deposited the funds in his trust account; that the balance of the account was thereafter reduced and the account was eventually closed; that although no funds remained in the account there remained sums lawfully due and payable to the legatees of the estate; and that respondent failed to distribute and was unable to account for $4,257.84 due the legatees. The Referee found that these allegations were established by the proof. Respondent subsequently paid the legatees in full from his own funds.

The second count of the petition charges respondent with misconduct in handling the estate of Wayne E. Terwilliger. Under the testator's will respondent was named executor of the estate and trustee of its two infant beneficiaries. He also acted as attorney for the estate and had sole control of its assets. They consisted of real property, cash and a business enterprise known as the "DeLuxe Motel" in Angola, New York. During the period from July 6, 1973 to August 16, 1977 various accounting proceedings were conducted in Erie County Surrogate's Court which resulted in respondent being surcharged $37,904.98 representing an amount for business losses connected with the operation of the motel, penalties and interest assessed for late filing of taxes and an amount improperly taken by respondent for unauthorized commissions. By order of the Surrogate respondent's letters testamentary were revoked, he was ordered to pay the surcharge and to deliver the estate file to a successor fiduciary. When respondent failed to pay the surcharge or to deliver the file, the Surrogate held him in contempt of court. The file has now been delivered to the court but respondent has not paid the surcharge.

The Referee found that although a substantial part of the sum respondent was surcharged was improperly expended for upkeep of the motel because it was not authorized by the Surrogate, he also found that the funds were expended for estate purposes, not for respondent's personal gain. Of the amount surcharged for business losses, the Referee found that respondent was unable to account for only $3,700. The executor's fees were improperly paid because they were taken without prior court approval (SCPA 2111, subd 2; 2310; 2311).

Prior to these proceedings respondent was a practitioner of many years experience and good reputation. He is guilty of professional misconduct, however, and is suspended for a period of three years and until further order of this court.

CARDAMONE, J. P., SIMONS, HANCOCK, JR., SCHNEPP and WITMER, JJ., concur.

Order of suspension entered.